UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                            Plaintiff,

    -against-

TRUMP VILLAGE SECTION IV INC. and IGOR
OBERMAN,

                            Defendants.

-------------------------------------------------------------------X

Civil Action No.: 15-CV-7306

**ANSWER AND
AFFIRMATIVE DEFENSES**

Defendants Trump Village Section IV Inc. and Igor Oberman (collectively "Defendants")
by and through their attorneys, KAUFMAN BORGEEST & RYAN LLP, as and for their
Answer to the Plaintiff's Complaint, state and allege as follows:

## INTRODUCTION

1.    Paragraph 1 does not contain allegations of fact but rather legal conclusions and
Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 1
asserts issues of fact, Defendants deny the allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    Paragraph 2 does not contain allegations of fact but rather legal conclusions and
Defendants respectfully refer all matters of law to the Court.

3.    Paragraph 3 does not contain allegations of fact but rather legal conclusions and
Defendants respectfully refer all matters of law to the Court.

## PARTIES

4.    Defendants admit the allegations in Paragraph 4 of the Complaint.

5.    Defendants admit the allegations in Paragraph 5 of the Complaint.

3388055

6.      Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 7 of the Complaint.

8.      Paragraph 8 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.

9.      Paragraph 9 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 9 asserts issues of fact, Defendants deny the allegations in Paragraph 9 of the Complaint.

## FACTS

10.      Defendants deny the allegations in Paragraph 10 of the Complaint.

11.      Defendants admit that residents have been allowed to keep dogs and that at one time for a short period residents were required to annually register their dogs and pay a fee for a dog.  Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Complaint.

**History of Complaints Against Trump Village**

13.      Defendants deny knowledge and/or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 13 of the Complaint.

14.      Defendants admit the allegations in Paragraph 14 of the Complaint.

15.      Defendants admit the allegations in Paragraph 15 of the Complaint.

16.      Defendants admit the allegations in Paragraph 16 of the Complaint.

17.      Defendants admit the allegations in Paragraph 17 of the Complaint.

18.      Defendants deny the allegations in Paragraph 18 of the Complaint.

3388055

19.     Paragraph 19 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 19 asserts issues of fact, Defendants deny the allegations in Paragraph 19 of the Complaint.

**Defendants' Refusal to Grant Reasonable Accommodation to Eugene Ovsishcher**

20.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 20 of the Complaint.

21.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 21 of the Complaint.

22.     Paragraph 22 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.

23.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 23 of the Complaint.

24.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 24 of the Complaint.

25.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 25 of the Complaint that Trump Village sent the Ovsishchers a "Notice to Cure" while they "were in the process of compiling the information requested by Ms. Richter." Defendants admit the remaining allegations in Paragraph 25 of the Complaint. In addition, Defendants respectfully refer the court to the document in question, the terms of which speak for themselves.

26.     Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

3

27.     Defendants admit the allegations in Paragraph 27 of the Complaint.

28.     Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

29.     Defendants admit the allegations in Paragraph 29 of the Complaint.

30.     Defendants admit the allegations in Paragraph 30 of the Complaint.

**Defendants' Retaliation Against Eugene and Galina Ovsishcher – Denial of Parking Space**

31.     Defendants admit the allegations in Paragraph 31 of the Complaint.

32.     Defendants admit the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 35 asserts issues of fact, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

**Defendants' Retaliation Against the Ovsishchers – Removal From Board of Directors**

37.     Defendants admit the allegations in Paragraph 37 of the Complaint.

38.     With respect to paragraph 38, Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

39.     Defendants admit the allegations in Paragraph 39 of the Complaint.

40.     Paragraph 40 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 40 asserts issues of fact, Defendants deny the allegations in Paragraph 40 of the Complaint.

4

41.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 41 of the Complaint.

42.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 42 of the Complaint.

43.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.

45.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 45 of the Complaint.

46.     Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

47.     With respect to paragraph 47, Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

**Defendants' Retaliation Against Nicole Sable Bell**

49.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 49 of the Complaint.

50.     Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

51.     Paragraph 51 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 51 asserts issues of fact, Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Paragraph 52 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 52 asserts issues of fact, Defendants deny the allegations in Paragraph 52 of the Complaint.

**Defendants' Refusal to Grant Reasonable Accommodation to Inna Lomanov**

53.    Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 53 of the Complaint.

54.    Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 54 of the Complaint.

55.    Paragraph 55 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.

56.    Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 56 of the Complaint.

57.    With respect to paragraph 57, Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

58.    With respect to paragraph 58, Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

59.    Defendants admit the allegations in Paragraph 59 of the Complaint.

60.    Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 60 of the Complaint.  In addition, Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

3388055

61.     Defendants admit the allegations in Paragraph 61 of the Complaint that "Trump Village discontinued the matter without prejudice."  Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

**Defendants' Retaliation Against Neil and Inna Lomanov**

62.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 62 of the Complaint.

63.     With respect to paragraph 63, Defendants respectfully refer the Court to the document in question, the terms of which speak for themselves.

64.     Paragraph 64 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 64 asserts issues of fact, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 65 of the Complaint that "the Lomanovs have incurred substantial legal fees in connection with their opposition to Defendants' refusal to grant Mrs. Lomanov reasonable accommodation and Defendants' retaliation against them." Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

**HUD Proceedings**

**The Ovsishchers**

66.     Defendants respectfully refer the Court to the document in questions, the terms of which speak for themselves.

67.     Defendants respectfully refer the Court to the document in questions, the terms of which speak for themselves.

3388055

68.     Defendants deny knowledge and/or information sufficient to form a belief that "HUD investigated the Ovsishcher's complaint and amended complaint and prepared a final investigative report."

69.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 69 of the Complaint.

70.     Defendants respectfully refer the Court to the document in questions, the terms of which speak for themselves.

71.     Defendants admit the allegations in Paragraph 71 of the Complaint that "On or about January 27, 2015, Trump Village and defendant Oberman elected to have the charge resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a)." Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 71 of the Complaint.

**The Lomanovs**

72.     Defendants respectfully refer the Court to the document in questions, the terms of which speak for themselves.

73.     Defendants respectfully refer the Court to the document in questions, the terms of which speak for themselves.

74.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 74 of the Complaint.

**Nicole Sable Bell**

75.     Defendants respectfully refer the Court to the document in questions, the terms of which speak for themselves.

3388055

76.     Defendants deny information and/or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 76 of the Complaint.

## FIRST CLAIM FOR RELIEF

77.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 76 of the Complaint, as if more fully set forth at length herein.

78.     Paragraph 78 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 78 asserts issues of fact, Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Paragraph 79 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 79 asserts issues of fact, Defendants deny the allegations in Paragraph 79 of the Complaint.

## SECOND CLAIM FOR RELIEF

80.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 79 of the Complaint, as if more fully set forth at length herein.

81.     Paragraph 81 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 81 asserts issues of fact, Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Paragraph 82 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 82 asserts issues of fact, Defendants deny the allegations in Paragraph 82 of the Complaint.

## THIRD CLAIM FOR RELIEF

83.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 82 of the Complaint, as if more fully set forth at length herein.

3388055

84.     Paragraph 84 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 84 asserts issues of fact, Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Paragraph 85 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 85 asserts issues of fact, Defendants deny the allegations in Paragraph 85 of the Complaint.

## FOURTH CLAIM FOR RELIEF

86.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 85 of the Complaint, as if more fully set forth at length herein.

87.     Paragraph 87 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 87 asserts issues of fact, Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Paragraph 88 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 88 asserts issues of fact, Defendants deny the allegations in Paragraph 88 of the Complaint.

## FIFTH CLAIM FOR RELIEF

89.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 88 of the Complaint, as if more fully set forth at length herein.

90.     Paragraph 90 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 90 asserts issues of fact, Defendants deny the allegations in Paragraph 90 of the Complaint.

3388055

91.     Paragraph 91 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 91 asserts issues of fact, Defendants deny the allegations in Paragraph 91 of the Complaint.

## SIXTH CLAIM FOR RELIEF

92.     Defendants repeat and reallege the responses to each of the allegations mentioned in Paragraphs 1 through 91 of the Complaint, as if more fully set forth at length herein.

93.     Paragraph 93 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 93 asserts issues of fact, Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Paragraph 94 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 94 asserts issues of fact, Defendants deny the allegations in Paragraph 94 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

95.     Defendants repeat and reallage the responses to each of the allegations mentioned in Paragraphs 1 through 94 of the Complaint, as if more fully set forth at length herein.

96.     Paragraph 96 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 96 asserts issues of fact, Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Paragraph 97 does not contain allegations of fact but rather legal conclusions and Defendants respectfully refer all matters of law to the Court.  To the extent that Paragraph 97 asserts issues of fact, Defendants deny the allegations in Paragraph 97 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

3388055

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims with respect to the Ovsishchers, the Lomanovs and Nicole Sable Bell are barred by the doctrines of laches, waiver, unclean hands, bad faith and equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has combined three (3) separate and distinct complaints by three (3) separate shareholders relating to different factual circumstances. It would seriously prejudice the Defendants to have separate claims relating to three (3) separate complaints heard in a single action. A jury would easily confuse the factual situations unique to each case in reaching a verdict. This prejudice cannot be eliminated without severing, or in the alternative, separating the three Complaints. There is no prejudice to the Plaintiff by severing or, in the alternative, separating the three Complaints.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the applicable statute of limitations and/or statutory timeframe from asserting a pattern and practice herein.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of 28 U.S.C. § 2412, and applicable law, the Defendant is entitled to an award of fees and expenses in the event is successfully defends this lawsuit. Accordingly, in the event it prevails, Defendant respect fully requests judgment in its favor against the Plaintiff for the fees and expenses incurred as a result of having to defend this action.

WHEREFORE, it is respectfully requested that the Complaint be dismissed, or alternatively, that it be dismissed without prejudice to the Plaintiff's filing of three separate and distinct complaints, and further, that Defendants be awarded attorneys fees from Plaintiff, in an

3388055

amount to be determined by the Court, together with such other and further relief as this Court

may deem just and proper.

Dated: New York, New York
       March 10, 2016

                           Respectfully submitted,

                           KAUFMAN BORGEEST & RYAN LLP

                           By: _____
                               Cara A. O'Sullivan
                               *Attorneys for Defendants*
                               120 Broadway, 14th Floor
                               New York, New York 10271
                               Telephone: 212-980-9600
                               Fax: 212-980-9291
                               Email: cosullivan@kbrlaw.com

3388055